UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
               :
RIGOBERTO ARRIOLA, *et al.*,         :
               :
            Plaintiff,    :
               :         20-CV-1962 (VSB)
           -against-     :
               :         **ORDER**
658-660 AMSTERDAM CORP., *et al.*,  :
               :
            Defendants.  :
               :
-------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      It has been over three years since a Case Management Plan and Scheduling Order was issued on August 23, 2021.  (Doc. 61.)  Despite this extended period of time and the fact that the allegations in this case are not complicated, the parties dispute whether discovery has concluded.  Before me is Defendants' request to extend discovery.  Because Defendants have failed to show good cause as to why fact discovery should be extended to allow the deposition of Plaintiff to take place, Defendants' request is DENIED.

    **I.**    **Procedural History**[1]

      On September 25, 2023, I directed the parties to submit a joint letter by October 2, 2023 with an update on the status of the case because discovery had ended.  (Doc. 139.)  After obtaining an extension request, the parties submitted a letter on October 4, 2023 which stated: "The parties have resolved their outstanding discovery issue by agreeing to schedule remote depositions of the two remaining defendants on October 23 and 24 so the defendants may remain in Italy, and to schedule the plaintiff's deposition immediately thereafter."  (Doc. 142.)  Plaintiff

---

[1] This description includes only a part of the proceedings relevant to this protracted discovery issue.

requested, with Defendants' consent, an extension of time for fact discovery through October 30, 2023. (*Id.*) Magistrate Judge Jennifer E. Willis granted that request and stated that "[f]act discovery shall conclude on October 30, 2023." (Doc. 143.)

Over a year passed since fact discovery concluded, but the parties had not conducted the depositions they had identified. Nor did they request additional time for discovery. It was only after my prompting on November 4, 2024, (Doc. 144), that I heard from the parties. Defense counsel contended that "discovery is still outstanding," blaming Plaintiff's counsel for their "radio silence," and requested that I "sanction Plaintiff, including striking his Complaint and dismissing this action." (Doc. 145.) Plaintiff stated that fact discovery has ended and indicated an intent to file a motion for partial summary judgment. (Doc. 146.)

On November 19, 2024, I scheduled an in-person status conference for December 2, 2024. (Doc. 147.) On December 2, 2024, the day of the conference, defense counsel filed a letter requesting an adjournment because he "will be out of state," but noting that "[i]f necessary, [he] can participate by phone." (Doc. 148.) I denied defense counsel's request to adjourn the conference and noted that, because of his history of unexcused absences from scheduled conferences, he had already been reminded that he was required to attend all court conferences. (Doc. 149 (noting that Judge Willis had previously issued an Order to Show Cause why defense counsel should not be sanctioned for his unexcused absence).)

After the conference, on December 2, 2024, I ordered that Defendants submit a letter "setting out good cause as to why they can take a deposition of a plaintiff, in light of the fact that fact discovery ended in October 2023." (Doc. 150.) I also ordered Plaintiff to file a response letter, and for the parties to file a joint letter with a briefing schedule for any dispositive motions. (*Id.*) On December 6, 2024, defense counsel submitted a letter arguing "good cause" to extend

the discovery period to allow him to depose Plaintiff.  (Doc. 151.)[2]  On December 12, 2024, Plaintiff opposed and contended that "[D]efendants have failed to establish either good cause or excusable neglect."  (Doc. 152 at 1.)  On December 20, 2024, the parties submitted a briefing schedule for motions for summary judgment in the event I deny Defendants' motion to extend the time for fact discovery.  (Doc. 153.)

## II.     Legal Standards

Two Rules of the Federal Rules of Civil Procedure are relevant to Defendants' motion to extend the discovery deadline.  First, under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "In the context of a request for the modification of a discovery schedule, that often means a showing by the movant that despite due diligence, it could not have reasonably meet the scheduled deadlines."  *Furry Puppet Studio Inc. v. Fall Out Boy*, No. 19-CV-2345, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020) (internal quotation marks omitted).  Courts have noted examples of factors that are "not compatible with a finding of diligence and do not provide a basis for relief:  carelessness, an attorney's otherwise busy schedule, or a change in litigation strategy."  *Id.*; *see also Jackson v. Odenat*, 9 F. Supp. 3d 342, 354 (S.D.N.Y. 2014) (finding no good cause despite attorney mistake because prolonged delay failed to demonstrate diligence); *Scott v. City of New York Dep't of Correction*, No. 04-CV-9638, 2007 WL 4178405, at *4 (S.D.N.Y. Nov. 26, 2007) (finding that attorney mistake or inadvertence did not support a finding of good cause).  Although a court may consider other factors including prejudice to the other party, "diligence remains the central focus

---

[2] Defense counsel wrote "Fed. R. Civ. P. 16(b)(1)(B) provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after time has expired if the party failed to act because of excusable neglect."  (Doc. 151 at 1.)  But Rule 16(b)(1)(B) governs when a judge must issue a scheduling order after consultation with "the parties' attorneys and any unrepresented parties at a scheduling conference."  I therefore assume that defense counsel made a mistake and meant to cite Rule 6(b)(1)(B).

3

of the court's inquiry." *Desir v. Austin*, No. 13-CV-0912, 2015 WL 4546625, at *2 (E.D.N.Y. July 28, 2015) (citations omitted). The movant bears the burden of demonstrating good cause. *See Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (citation omitted). "[E]ven after a showing of 'good cause,' it remains within the sound discretion of the district judge whether to grant a modification or not." *Furry Puppet Studio Inc.*, 2020 WL 4978080, at *2.

Second, under Rule 6(b), a court may, "for good cause," grant an extension for "excusable neglect," even after a deadline has passed. Fed. R. Civ. P. 6(b)(1)(B). Courts employ a four-factor analysis for excusable neglect: "(1) 'the danger of prejudice' to the nonmoving party, (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'" *Robaina v. Deva Concepts, LLP*, No. 22-1142, 2023 WL 3144038, at *1 (2d Cir. Apr. 28, 2023) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Second Circuit has indicated that the third factor—the reason for delay and whether it was within the movant's reasonable control—can be dispositive. *Robaina*, 2023 WL 3144038, at *2. An attorney's mistake rarely meets the standard because "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

### III. Discussion

Defense counsel seems to argue that he should be allowed to depose Plaintiff because there is "good cause" and/or "excusable neglect." Defense counsel contends that he "reasonably believed Plaintiffs had abandoned their case" because Plaintiff failed to respond after defense counsel allegedly repeatedly emailed and called him. (Doc. 151 at 1–2.) Defense counsel states, without citation to cases granting an extension of discovery with similar procedural posture to

4

this case, that "Defendants have demonstrated good cause as to why the discovery deadline should be extended," and that "even in the absence of good cause [I] should allow for the one deposition of the Plaintiff." (*Id.* at 2.)

As an initial matter, Rule 16(b), and not Rule 6(b), governs here.  Defendants cannot request an extension under Rule 6(b) when a scheduling order is in place. *See, e.g.*, *Carpenter v. Churchville Greene Homeowner's Ass'n*, No. 09-CV-6552T, 2011 WL 4711961, at \*4 (W.D.N.Y. Sept. 29, 2011) (holding that Rule 16(b), and not Rule 6(b) applies where scheduling order is in place), *report and recommendation adopted sub nom. Carpenter v. Churchville Greene Homeowner's Ass'n, Inc.*, No. 09-CV-6552, 2011 WL 6012539 (W.D.N.Y. Dec. 1, 2011); *Corkrey v. Internal Revenue Serv.*, 192 F.R.D. 66, 66–67 (N.D.N.Y. 2000) (same).  But even if Rule 6(b) were to apply, both Rules 6(b) and 16(b) require a demonstration of "good cause."

Counsel for Defendants fails to demonstrate "good cause" under either Rule 16(b) or Rule 6(b). *See Blasi v. New York City Bd of Educ.*, No. 00-CV-5320, 2008 WL 2705373, at \*1 n.1 (E.D.N.Y. July 3, 2008) (finding no good cause under both Rule 6(b) and Rule 16(b)). Defendants failed to demonstrate that they "could not have reasonably" met the discovery deadlines despite due diligence. *See Furry Puppet Studio Inc.*, 2020 WL 4978080, at \*1.  As Plaintiff avers, Defendants neither served a notice of deposition on Plaintiff nor requested additional time to conduct fact discovery before the deadline. (Doc. 152 at 1.)  Even if—as Defendants claim—Plaintiff failed to respond to Defendants' emails and phone calls, Defendants could have:  (1) served discovery demands, including a notice of deposition; (2) requested additional time for fact discovery; or (3) sought relief from me for Plaintiff's purported failure to prosecute this case. *See Convolve, Inc. v. Compaq Computer Corp.*, No. 00-CV-5141, 2000 WL

5

1480363, at *1 (S.D.N.Y. Oct. 6, 2000) ("Under the Federal Rules' liberal discovery regime, without judicial intervention a party can neither assert priority in discovery nor make its responses to another party's discovery requests contingent upon reciprocal compliance. . . . The appropriate remedy to another party's intransigence is not mutuality of non-performance, but rather a motion brought pursuant to Rule 37."). Defendants' assumption that Plaintiff had "abandoned their case," coupled with Defendants' failure to act on that assumption, does not demonstrate good cause to extend fact discovery to allow further depositions. Counsel has an "obligation[] to conduct discovery in good faith." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 189 (S.D.N.Y. 2003). Defense counsel has altogether failed to show due diligence with regard to pursuing the deposition of Plaintiff.[3]

Although Plaintiff has concededly failed to prosecute the case as well given his failure to depose certain of Defendants despite indicating a desire to do so and the lapse of time since the close of fact discovery, Defendants fail to overcome their burden to extend the discovery schedule. Indeed, neither party sought relief from me or Judge Willis or provided either of us with an update as to the status of the case until I requested an update in my November 4, 2024 Order. (Doc. 144.) The failure of both parties to move this case along and abide by discovery deadlines does not warrant the extension of discovery.[4]

---

[3] Indeed, according to Plaintiff's counsel, Defendants "served none of their own discovery demands on the plaintiff" and failed to "conduct any of their own fact discovery." (Doc. 152 at 2.).

[4] Because Rule 16(b), and not Rule 6(b), governs, I need not analyze whether Defendants have demonstrated excusable neglect in denying the motion to extend discovery. But even if Rule 6(b) were applicable, Defendants fails to show excusable neglect. The proffered reason for the delay is the assumption that Plaintiff abandoned the case. As an initial matter, that assumption is unreasonable. Defendants sought to depose Plaintiff. Defendants cannot claim—in particular, here, where they failed to notice Plaintiff's deposition—that Plaintiff "abandoned" the case merely because Defendants stopped actively pursuing the deposition. Because Defendants did not seek a court order dismissing the case or other relief while assuming that the case was abandoned, such an assumption was taken at Defendants' own risk. Defense counsel's assumption therefore does not constitute excusable neglect. Further, even assuming for the sake of argument that it was reasonable to assume that Plaintiff had abandoned the case, defense counsel could have requested additional time for fact discovery, raised Plaintiff's alleged noncompliance with discovery requests with me or Judge Willis, or taken other actions that demonstrate diligence. Instead, no such actions were taken.

## IV.     Conclusion

For these reasons, Defendants' motion to extend fact discovery is DENIED. The parties' respective motions for summary judgment are due on or before January 31, 2025; opposition briefs are due on or before February 14, 2025; and reply briefs are due on or before February 21, 2025.

SO ORDERED.

Dated:     January 16, 2025
              New York, New York

_____
Vernon S. Broderick
United States District Judge